UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL PULLETT,<br><br>          Plaintiff,<br><br>vs.<br><br>J. CASTELLANOS, *et al.*,<br><br>          Defendants. | Case No. 1:15-cv-00755-RRB<br><br><u>**DISMISSAL ORDER**</u> |

Plaintiff Dell Pullett, a California state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against various officials of the California Department of Corrections and Rehabilitation.[1] Pullett's Complaint arises out of his incarceration at the California Substance Abuse and Treatment Facility, Corcoran ("CSATF").  Pullett is currently incarcerated at the R. J. Donovan Correctional Center, San Diego.

## I.      SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] In addition to J. Castellanos, Correctional Officer, Pullett names as Defendants: P. Brightwell, Correctional Counselor; H. Homan, Correctional Counselor; J. Keuhn, Correctional Counselor; M. Fisher, Correctional Counselor; J. Sasso, Office Assistant; R. Hall, Appeals Coordinator; and C. M. Ramos, Appeals Coordinator.

[2] 28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[13]

## II.    GRAVAMEN OF COMPLAINT

***First Cause of Action***. In his first claim for relief Pullett alleges a violation of his rights under the First and Fourteenth Amendment. According to Pullett he was retaliated against starting in September 2009 and continuing until his transfer to the R. J. Donovan facility in October 2013. Although it is not entirely clear, it appears that Pullett's claim is in relation to two separate types. One a series of Rules Violation Reports ("RVRs") that

---

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[13] *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

resulted in disciplinary action being taken against him. According to Pullett these RVR's were false and the disciplinary action taken unwarranted. The other, a series of internal grievances, which Pullett appears to contend were improperly denied on procedural grounds. It is not clear from the Complaint the extent to which, or even whether, Pullett is challenging these actions.

**Second Cause of Action**. In his second claim for relief Pullett alleges that Defendants caused indefinite delays in processing his internal grievances arising out the incident underlying his third claim for relief, thereby impeding his access to the courts.

**Third Cause of Action**. In his third claim for relief Pullett alleges a violation of his Eighth Amendment rights in that, while walking unescorted between his cell and the medical department, he was attacked and stabbed by two other inmates.

## III.   DISCUSSION

The first hurdle Pullett fails to clear is that his claims are in part barred by the statute of limitations. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[14] Under California law a prisoner must bring his action within four years.[15] A prisoner seeking equitable tolling bears the burden of establishing two elements: (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[14] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[15] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

stood in his way" that prevented timely filing.[16] Thus, unless tolled, to the extent based upon events that occurred prior to  May 13, 2011,  Pullett's claims are barred.

### First Cause of Action

Initially the Court notes that the manner in which Pullett's First Cause of Action is presented, consisting of a single eight and one-half page paragraph, makes it very difficult to determine the factual or legal basis supporting his entitlement for relief, or just what relief he seeks. It is further complicated by the fact that Pullett in numerous instances refers to Defendants simply by their initials. In this claim Pullett refers to the processing of several RVRs, at least two transfers between prisons, requests for accommodation modifications (apparently on the basis that Pullett believed he was improperly classified), changes in yard levels, and the processing of his internal grievances.

Persons subject to state custody generally "have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254, and a civil suit under 42 U.S.C. § 1983."[17] In *Preiser,* the Supreme Court addressed "the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus,"[18] and held that § 1983 implicitly excludes from its coverage claims that lie "within the core of habeas corpus."[19] Thus, a person who is in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that

---

[16] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Gibbs v. Legrand*, 767 F.3d 879, 884–85 (9th Cir. 2014).

[17] *Osborne v. Dist. Attorney's Office,* 423 F.3d 1050, 1053 (9th Cir.2005) (citing *Heck v. Humphrey,* 512 U.S. 477, 480 (1994)).

[18] *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[19] *Id.* at 487–88.

he is entitled to immediate release or a speedier release from that imprisonment"—for example, an injunction requiring prison officials to grant good-time credits that would shorten his prison term.[20] Furthermore an inmate may not seek damages in a § 1983 claim when establishing the basis for the claim necessarily involves demonstrating that the conviction, sentence, or length of incarceration is invalid.[21] Therefore, to the extent that Pullett is attempting to challenge disciplinary actions, if, as appears in the Complaint, he was assessed a revocation of good time credits or the facts of his custody were altered, the appropriate remedy to seek a writ of *habeas corpus* under § 2254.

One of the preconditions to bringing a federal *habeas* petition is that this Court may not consider claims that have not been fairly presented to the state courts.[22] Unexhausted claims must be dismissed.[23] Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[24] It is evident from the Complaint that Pullett has failed to fully exhaust his state court remedies by presenting his

---

[20] *Id.* at 499–500; *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("it has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credit must proceed in habeas corpus, and not under § 1983.").

[21] *Heck v. Humphrey*, 512 U.S. 477, 486–97 (1994); *see Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (extending the *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings).

[22] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[23] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[24] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

claims to the highest state court,[25] i.e., the California Supreme Court. Therefore, this Court may not treat Pullett's claim as having been brought as a *habeas* proceeding and proceed to decide it on that basis.

To the extent that Pullett is contending that he was denied due process in the processing of his grievances, that too fails. In order to state a cause of action for violation of procedural due process, a prisoner must first establish the existence of a liberty interest within the scope of the protection of the Fourteenth Amendment.[26] Liberty interests may arise from the Dues Process Clause itself, or state law.[27] With respect to liberty interests arising under state law, the liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.[28] Liberty interests affected by prison regulations are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[29] In the context of grievances, prisoners have no right to a particular procedure.[30] Likewise, there is no federal due process claim against a state employee where state law provides an adequate remedy.[31]

---

[25] *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir.2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[26] *Id.* at 556.

[27] *See Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983) (receded from in other part by *Sandin v. Connor*, 515 U.S. 472, 481–84 (1995)).

[28] *Conner*, 515 U.S. at 481–84.

[29] *Id.* at 484.

[30] *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see Hewitt*, 459 U.S. at 472 (discussing the flexible approach to due process requirements in the prison context).

[31] *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bennett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam).

California law provides a three-step procedure for inmate grievances.[32] Adherence to this procedure is a prerequisite to seeking relief in this Court.[33] It appears from the Complaint and the attachments thereto that Pullett may have failed to properly exhaust his administrative remedies with respect to most of, if not all, the matters he alleges occurred within the four years preceding the deemed filing date of this Complaint.

Finally, reduced to its essence, Pullett's claim appears to be that, notwithstanding his entitlement to the relief requested, it was improperly denied on procedural grounds. While subject to judicial review on the merits under an entirely different standard, i.e., sufficiency of the evidence, as presented pleaded, Pullett's claim does not implicate that standard. Furthermore, it is unclear from the pleadings precisely what compensable injury, i.e., harm, Pullett suffered as a result of the allegedly improper processing of his inmate appeals. Thus, Pullett's First Cause of Action must be dismissed for failure to state a claim upon which relief may be granted.

### *Second Cause of Action*

In his second claim Pullett refers to his unsuccessful efforts to exhaust his administrative remedies in connection with the stabbing incident underlying his Third Cause of Action. Other than to serve as a basis for excusing Pullett from the requirement that he exhaust his administrative remedies with respect to his Third Claim for Relief, the

---

[32] Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

[33] *See Brown v. Valoff*, 422 F.3d 926, 936–943 (9th Cir. 2005).

allegations in the Second Cause of Action as presently pleaded do not entitle Pullett to any additional relief in this proceeding.

### Third Cause of Action

Pullett's third claim arises out an incident in which he was stabbed by two other inmates. The Third Cause of Action is predicated upon a theory that the "Administration" had set him up to be stabbed for writing grievances against staff members. The problem with the third claim as presently pleaded is two-fold. First, Pullett names only two John Doe Defendants as allegedly failing to protect him from harm. Second, his entire claim is based upon supposition and innuendo. The Court will address these *in seriatim*.

As a general rule, the use of "John Doe" to identify a defendant is not favored.[34] "[W]here the identity of alleged defendants will not be known prior to the filing of the complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants."[35] Dismissal for failure to identify unnamed defendants is appropriate only if "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."[36]

In this case, if Pullett can properly plead a viable claim against at least one of the named defendants, he may be able to ascertain the identity of the Doe defendants through the discovery process. On the other hand, in the event that Pullett is unable to properly plead a viable cause of action against any of the named defendants, there will be no

---

[34] *See Wiltsie v. Calif. Dept. of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968).

[35] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[36] *Id.*

defendant upon which the complaint may be served. In that case, there will no avenue through which Pullett can ascertain the identities of the Doe defendants and the Complaint must be dismissed.

The second defect may ultimately prove fatal to Pullett's Third Cause of Action. The Ninth Circuit has defined the parameters of a retaliation claim:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.[37]

The Ninth Circuit has "also noted that a plaintiff who fails to allege a chilling effect may still state a claim if he has suffered some harm."[38] Moreover, "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."[39] Nor need the threat be explicit or specific.[40]

A prisoner must also show some causal connection between the action taken by the state actor and the prisoner's protected conduct. That is, "[t]o prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[41]

---

[37] *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

[38] *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 568 n. 11).

[39] *Id.* at 1270.

[40] *Id.*

[41] *Id.* at 1271 (internal quotation marks and citation omitted).

Pullett has pleaded the existence of an adverse action, i.e., the knife attack, and that he has was engaged in a protected First Amendment activity, i.e., the filing of grievances. The Court may also logically presume that the stabbing had a chilling effect on Pullett's First Amendment rights, and lacked any legitimate penological interest. What Pullett has not pleaded is a *factual* basis to establish a causal connection between the protected activity and the harm. That is, to prevail on this claim Pullett must plead and prove the existence of a conspiracy between members of the staff and the assailants.

The elements of a conspiracy are twofold:  (1) an agreement or meeting of the minds to violate constitutional rights; and (2) an actual deprivation of those rights.[42] Pullett's allegations fall far short of establishing the existence of an agreement between any staff member and the assailants. Indeed, that any such agreement can truthfully be alleged under the facts as presently pleaded is for all practical purposes unlikely. To accept that such a conspiracy existed would require the jury to accept that the prison officials involved were willing to risk a criminal prosecution simply because Pullett filed grievances against staff members. That a jury would reach such a conclusion is inherently implausible.

Pullett's third claim does not survive under an alternative theory:  failure to protect. It is clearly established that the Eighth Amendment imposes a duty on prison officials to protect prisoners from harm at the hands of other prisoners.[43] It need not be shown that the prison official believed or had reason to believe that harm would actually befall the

---

[42] *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).

[43] *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994).

prisoner; liability may be imposed if the official failed to act despite the official's knowledge of a substantial risk of serious harm and fails to take reasonable measures to abate it.[44]

In this case there is no allegation, either express or necessarily implied, that any prison official had any knowledge of a serious risk that Pullett would suffer any harm. That is, there is nothing in the Complaint as presently drafted that indicates that any staff member had any knowledge that Pullett was in any danger of being attacked. There is no allegation that prior to the attack underlying Pullett's claim any inmate housed at CSATF had made any threat against Pullett,[45] let alone actually physically assaulted him. Pullett's claim is conclusory, based upon supposition and innuendo, not facts. It appears to be based solely upon the fact that he was the lone black amongst several Caucasians and Hispanics in the immediate vicinity.[46] In the absence of at least some evidence of racial tension between blacks and Caucasians/Hispanics resulting in the threat, if not the actual occurrence of a physical altercation, there is simply nothing upon which it could be objectively determined that Pullett was in danger of an assault.

---

[44] *Id.*, at 842–47;  *see Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (applying *Farmer*).

[45] It appears from the Complaint that Pullett had concerns about an enemy while housed at Pleasant Valley State Prison.  As result of these concerns, Pullett was transferred to CSATF. Nothing in either the Complaint or the documents attached to it provide any indication that Pullett had an enemy at CSATF.

[46] The Court does note that it is alleged that the prison was on lock-down at the time. Pullett does not allege and nothing in the attached exhibits provides any information concerning the reason for the lockdown or its relevance to Pullett's claims.

## IV.    CONCLUSION/ORDER

Except with respect to his Third Cause of Action, it is unlikely that Pullett can truthfully allege any act or acts by any Defendant that violated a constitutionally protected right *and* resulted in some compensable injury. With respect to his Third Cause of Action, in addition to the other hurdles, the absence of a named responsible official upon which service can be made may render it impossible for this matter to proceed. At this stage of the pleadings, because the Court cannot definitely state that Pullett cannot plead a viable claim for relief, Pullett will be granted leave to file an amend.[47]

Accordingly, the Complaint on file herein is **DISMISSED**. Pullett is granted through and including **Friday, August 7, 2015**, within which to file an Amended Complaint consistent with this Order.  In amending his complaint Pullett should:

1.    Separate each claim including, where appropriate, a caption for the claim;.

2.    Sequentially number the paragraphs;

3.    With respect to each claim identify the constitutionally protected right violated, describe the act(s) that violated that right, identify the person(s) who committed the act(s), state the date(s) of the act(s), and describe the injury or damage suffered as a result of the violation;[48]

4.    If the act occurred prior to May 13, 2011, set forth specific facts that support the tolling of the limitations period; and

---

[47] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[48] *See* Fed. R. Civ. Proc. 8(a).

5.      With respect to each claim affirmatively plead that he has exhausted his available administrative remedies, and, to the extent they are in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

*Pullett need not include copies of his medical records; nor should he include copies of any documents other except as necessary to establish exhaustion or as evidence of an element of his claim.*

*Failure to comply with this Order within the time specified, or such additional time as the Court may grant, may result in the dismissal of this action without further notice.*

**IT IS SO ORDERED** this 24th day of June, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE