UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL PULLETT,<br><br>       Plaintiff,<br><br>vs.<br><br>J. CASTELLANOS, *et al.*,<br><br>       Defendants. | Case No. 1:15-cv-00755-RRB<br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL** |

At **DOCKET 14** Plaintiff Dell Pullett, a state prisoner appearing *in forma pauperis* and *pro se*, has requested the Court appoint counsel.

Generally, a state prisoner has no right to counsel in civil actions.[1] "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together."[2]

---

[1] *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[2] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

ORDER DENYING MOTION TO APPOINT COUNSEL
*Pullett v. Castellanos*, 1:15-cv-00755-RRB – 1

In this case Pullett seeks appointment of counsel to facilitate obtaining access to certain information contained in the records of the California Substance Abuse Treatment Facility ("CSATF") that he contends is necessary to formulate his amended complaint. Unfortunately for Pullett, at this stage of the proceedings counsel would have no greater right of access to the records of CSATF than does Pullett himself. Therefore, there is no need at this stage to appoint counsel.

Accordingly the Motion to Appoint Counsel at **DOCKET 14** is **DENIED**.

**IT IS SO ORDERED** this 24th day of November, 2015.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE